IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NATIONAL SECURITY FIRE &**                                                                 **PLAINTIFF**
**CASUALTY INSURANCE COMPANY**

**V.**                                                                                               **NO. 4:17-CV-64-DMB-JMV**

**JEFFERY TOWNSEND, DEMETRIUS**
**NELLUM, and NINA OLUGU**                                                               **DEFENDANTS**

**OPINION AND ORDER**

This declaratory judgment action is before the Court on National Security Fire & Casualty Insurance Company's motion for summary judgment. Doc. #35.

**I**
**Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care, Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs,*

*L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted).

A motion for summary judgment cannot be granted merely because it is unopposed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). Summary judgment can only be granted "if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it …." Fed. R. Civ. P. 56(e)(3); *see Vasudevan v. Adm'rs of Tulane Ed. Fund*, 706 Fed. App'x 147, 152 (5th Cir. 2017) (affirming grant of summary judgment on unopposed motion where supporting materials showed movant entitled to it).

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied-even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. S.W. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (internal citations omitted) (citing *John v. State of Louisiana (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985)).

## II
## Relevant Factual & Procedural History

On or about November 15, 2016, Jeffery Townsend applied for homeowner's insurance coverage from National Security Fire & Casualty Insurance Company for a residence located at

2

5681 County Road 92 in Greenwood, Mississippi ("Property"). Doc. #35-2 at 1; Doc. #35-3 at 33–34. In his application, Townsend made several representations, including that (1) he had "full unconditional ownership" of the Property, certifying that he "own[ed] title in fee simple to any land upon which an insured building is located;" (2) no one "with a financial interest in [the] property [had] been convicted for arson, fraud, or other property crime within the last 10 years;" (3) he paid $40,000.00 for the Property; and (4) he purchased the Property on June 2, 2015. Doc. #35-2 at 1–2. Based on Townsend's application, National Security issued to Townsend homeowner's insurance policy number 1353067-783868 ("Policy") effective November 15, 2016, to November 15, 2017. Doc. #35-1 at 1.

On January 29, 2017, a fire destroyed the Property, rendering it a total loss. Doc. #35-9 at 1; *see* Doc. #35-3 at 21. While investigating the claim, National Security discovered "a number of inconsistencies" in Townsend's application. Doc. #35-8 at 2. Specifically, in Townsend's April 10, 2017, examination under oath, he admitted that (1) he did not have full ownership of the Property; (2) Demetrius Nellum and/or Nina Olugu was the record owner of the Property at the time he completed the application; (3) he paid $34,000.00 for the Property; and (4) he acquired title to the Property from Olugu through an "Owner Financing Mortgage Contract" that was executed September 1, 2016. Doc. #35-3 at 65–66, 99–102; *see* Doc. #35-10 at 1. Consequently, on May 11, 2017, National Security returned to Townsend all of the premiums he paid on the Policy and declared the Policy "void as of its date of issuance." Doc. #35-11 at 1.

Also on May 11, 2017, National Security filed a complaint for declaratory relief in this Court against Townsend seeking a judgment declaring the Policy "void ab initio" because of material misrepresentations by Townsend in his insurance application, and that it owes no further duty to Townsend. Doc. #1 at 4. After being granted an extension of time to respond to the

complaint, Townsend filed his "Affirmative Defenses and Response to Motion for Declaratory Judgment" on June 30, 2017. Doc. #6; Doc. #7. On September 21, 2017, with leave of the Court, National Security filed an amended complaint adding Nellum and Olugu as defendants. Doc. #18. The amended complaint seeks a declaration that Townsend's misrepresentations rendered the Policy voidable, and that National Security, having properly voided the Policy, owes no further duty to Townsend, Nellum, or Olugu. *Id*. at 6.

Townsend never answered the amended complaint.[1] Nellum was served on September 25, 2017, but never answered the amended complaint.[2] Doc. #22 at 2. On October 30, 2017, Olugu answered[3] the amended complaint and asserted a "Counterclaim for Declaratory Judgment" against National Security seeking (1) a declaration that she does not have a mortgage interest in the Property and (2) "reasonable attorney's fees and costs incurred to defend herself" because National Security "failed to adequately investigate this matter" before adding her as a defendant. Doc. #25 at 5–6. National Security answered Olugu's counterclaim on November 16, 2017. Doc. #26.

During the course of discovery, Townsend served his initial disclosures in which he admitted that "[w]hen the application was executed by defendant Townsend, Mr. Nellum was the

---

[1] National Security has not moved for entry of default against Townsend for failing to answer the amended complaint. Because Townsend has been active in this litigation from its outset and because the amended complaint seeks the same declaratory relief as the original complaint, National Security has not been prejudiced as a result of Townsend's failure to answer. *See e.g., Wilson v. Brown*, No. 04-3637, 2007 WL 1035026, at *1 n.1 (D.N.J. Apr. 3, 2007) (deciding summary judgment motion though defendants failed to answer third amended complaint because defendants answered substantially similar second amended complaint and were actively litigating action).

[2] Following entry of default against Nellum on National Security's motion, National Security moved for a default judgment against Nellum. Doc. #37. The motion for default judgment will be addressed by separate order.

[3] In the affirmative defenses section of her answer, Olugu "requests that this Court dismiss National Security's claims against her with prejudice pursuant to FRCP 12(b)(6)." Doc. #25 at 1. Local Uniform Civil Rule 7(b)(2)(A) provides that "Affirmative defenses must be raised by motion. Although the affirmative defenses may be enumerated in the answer, the court will not recognize a motion included within the body of the answer, but only those raised by a separate filing." Because Olugu did not file a separate motion to dismiss as required by the Local Rules, the Court does not recognize the 12(b)(6) request to dismiss in her answer.

record owner of the property." Doc. #35-5 at 2.  Thereafter, National Security filed a motion for summary judgment.[4]  Doc. #35.  Olugu responded on March 16, 2018, Doc. #43; National Security replied one week later, Doc. #45.  Neither Townsend nor Nellum responded to National Security's motion for summary judgment.[5]  However, on August 7, 2018, Townsend filed a motion to continue, Doc. #54, which National Security and Olugu opposed.[6]

## III
## Analysis

National Security has moved for summary judgment both on its declaratory judgment claim and as to Olugu's counterclaim.  Doc. #35 at 1.

### A. National Security's Claim for Declaratory Relief

National Security argues that Townsend made multiple material misrepresentations in his insurance application which render the Policy voidable as to Townsend and Olugu.

First, National Security contends Townsend misrepresented who owned the Property because although in his application, Townsend certified that he owned the Property, he admitted in his examination under oath that he did not own the Property when he completed the application, and he stated in his initial disclosures that Nellum was the record owner of the Property.  Doc. #36 at 3.  National Security asserts that had it known someone other than Townsend held legal title to the Property, it would not have issued the Policy.  *Id*. at 4.

---

[4] Contrary to Local Uniform Civil Rule 7, which limits motions to four pages and prohibits "legal argument[s] or citations to case law or other secondary authority" in motions, National Security's motion for summary judgment is thirteen pages long and includes legal arguments supported by citations to case law.  *See, e.g.,* Doc. #35 at 9–11.  Olugu, the only responding defendant, did not object to these procedural errors.  For the sake of judicial efficiency, the Court will not strike National Security's motion for these procedural deficiencies but will not consider any of the motion's legal arguments or citations, unless they are also mentioned in the supporting memorandum brief.

[5] In response to a motion for continuance filed by National Security, Townsend represented that he did not file a response to the motion for summary judgment "due to illness and health issues of [his] legal counsel."  Doc. #48 at 2.  Although this representation explains why Townsend did not respond to the summary judgment motion, Townsend never sought additional time to respond to the summary judgment motion.

[6] Doc. #55; Doc. #56.

Second, National Security argues that Townsend made a material misrepresentation in his insurance application when he stated that no one "with a financial interest in [the] property [has] been convicted for arson, fraud, or other property crime within the last 10 years" because Nellum, as Townsend admitted in his initial disclosures, was the record owner of the Property when Townsend applied for insurance coverage; and, on July 24, 2014, Nellum pleaded guilty to insurance fraud in Harris County, Texas. *Id*. at 5. National Security contends that had it known Nellum—the record owner of the Property—had been convicted of fraud in 2014, it would have charged a higher premium or refused to insure the Property. *Id*. at 5–6.

Third, National Security contends Townsend misrepresented the amount he paid for the Property because in his application, he stated that he paid $40,000.00 for the Property but in his examination under oath, he testified the purchase price was $34,000.00. *Id*. at 6. National Security asserts that it is not its policy to insure newly-acquired property for more than the purchase price and that it would have only insured the Property for the price Townsend paid for it had Townsend disclosed the actual purchase price. *Id*.

Finally, National Security argues that Townsend misstated the date on which he purchased the Property because his application states that he purchased the Property on June 2, 2015, but in his examination under oath, he stated that he acquired title to the Property when he executed an "Owner Financing Mortgage Contract" with Olugu on September 1, 2016.[7] *Id*. at 7. National Security asserts that the June 2, 2015, purchase date is a material misrepresentation because, as mentioned above, it is National Security's policy not to insure newly-acquired properties for more

---

[7] The first paragraph of the mortgage contract states that the "agreement is entered into on the 1st day of Sept[ember], 2016 …" Doc. #35-10 at 1. However, it appears to be executed on September 2, 2016. *Id*. at 3. Because Townsend stated on his application that he purchased the Property on June 2, 2015—well over a year before September 2016—the discrepancy in the mortgage contract need not be resolved for purposes of the Court's analysis.

6

than the purchase price and that had Townsend disclosed the September 1, 2016, purchase date, it would have only insured the Property for the purchase price of $34,000.00. *Id.* at 6–7.

"For more than one hundred and thirty years, [the Mississippi Supreme] Court has held than an insurance company may void a policy where the insured made material misrepresentations during the application process." *Jones-Smith v. Safeway Ins. Co.*, 174 So.3d 240, 241 (Miss. 2015) (footnote omitted); *see Wilson v. State Farm Fire & Cas. Co.*, 761 So.2d 913, 921 (Miss. 2000) ("In Mississippi, a material misrepresentation in an application for an insurance policy allows the insurer to void or rescind the policy."). "The materiality of a representation is determined by the probable and reasonable effect which truthful answers would have had on the insurer." *Sanford v. Federated Guar. Ins. Co.*, 522 So.2d 214, 217 (Miss. 1988).

Here, National Security seeks to void the Policy because of material misrepresentations Townsend made in his application regarding the Property's ownership, purchase price, and purchase date, and because a person with a financial interest in the Property had been convicted of fraud. The undisputed summary judgment evidence[8] establishes that each factual representation by Townsend was not only untrue but also material because had National Security known the actual facts regarding Townsend's application, it would have declined to insure the Property or insured the Property on different terms. *See* Doc. #35-7 at 2–3. Accordingly, the Court finds that National Security was within its rights to void the Policy due to Townsend's material misrepresentations. *See State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842, 845 (5th Cir. 2017)

---

[8] As explained above, neither Townsend nor Nellum responded to National Security's motion for summary judgment. Olugu responded in opposition to the motion for summary judgment but only to the extent summary judgment is sought on her counterclaim. Doc. #44 at 3 ("Here defendant, Nina Olugu, is opposing plaintiff's motion for summary judgment as it relates to her request for attorney fees and costs."). Accordingly, there are no issues of material fact, much less disputed ones, as it pertains to the facts on which National Security relies to demonstrate Townsend's misrepresentations and their materiality. *See Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 402 (5th Cir. 1993) (no controverting evidence in record because plaintiff did not respond to motion for summary judgment).

(affirming order declaring homeowner's insurance policy void under Mississippi law because applicant misrepresented in application he owned property); *see also Jeffreys v. Nationwide Gen. Ins. Co.*, No. 14-cv-2599, 2016 WL 7496194, at *5 (W.D. Tenn. July 6, 2016) (insurer entitled to void policy because applicant misrepresented his criminal record); *Encompass Home & Auto Ins. Co. v. Harris*, 93 F.Supp.3d 424, 433 (D. Md. 2015) (insurer entitled to declare policy void because, among other things, applicant failed to disclose purchase price of property). Accordingly, summary judgment is warranted on National Security's claim for declaratory relief against Townsend and Olugu.

### B. Olugu's Counterclaim

Olugu's counterclaim seeks a declaratory judgment that she does not have a mortgage interest in the Property and a "Judgment requiring National Security to pay … her reasonable attorney's fees and costs incurred in having to defend herself in this matter." Doc. #25 at 5, 6. National Security moved for summary judgment on Olugu's counterclaims in its motion for summary judgment.

#### 1. Olugu's Interest

In her counterclaim, Olugu states that she "does not and has never had a mortgage interest on the property located at 5681 County Road 92, Greenwood, Mississippi …." Doc. #24. "Normally, factual assertions in pleadings … are considered to be judicial admissions conclusively binding on the party that made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1991); *see McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013) ("This circuit has long noted that factual statements in the pleadings constitute binding judicial admissions …."). National Security does not dispute the statement by Olugu as such. *See* Doc. #36 at 7 ("Olugu's judicial admission, by which she said she 'does not and never had a mortgage interest on the

property' … resolves the dec action against Olugu. National Security owes no duty to Olugu under the now voided insurance contract.") (citations omitted). As explained above, because National Security was within its rights to void the Policy because of Townsend's material misrepresentations and, as such, owes no duty to Olugu, Olugu's request for a declaratory judgment that she has never had a mortgage interest in the Property will be dismissed as moot.

*2. Olugu's Claim for Attorney's Fees*

Olugu alleges that National Security "failed to adequately investigate this matter" before "incorrectly add[ing] her as a Defendant" in this action and states that she "does not and has never had a mortgage interest" in the Property. *Id*. at 5. Notably, aside from asserting that National Security failed to adequately investigate before adding her as a defendant, Olugu does not articulate a legal theory on which her counterclaim is based. *Id*. at 5–6.

In its motion for summary judgment, National Security argues that Olugu's counterclaim should be dismissed because (1) "failure to investigate" before initiating a suit is not a cognizable claim, Doc. #36 at 9; (2) there was an "Owner Financing Mortgage Contract" that purported to show the sale of the Property from Olugu to Townsend, Doc. #35-10; and (3) in his pre-suit examination under oath, Townsend testified that Olugu might have had a mortgagee's interest in the Property, Doc. #35-3 at 103. National Security contends that given these facts, even if "failure to investigate" is a cognizable claim, it had a reasonable basis for adding Olugu as a defendant in this action. Doc. #36 at 9.

Olugu responds that the "Owner Financing Mortgage Contract" is of "no value, a falsity, [and] a misrepresentation" that National Security "received from … Townsend only to try and beef up their argument that they did not 'fail to investigate'" and that Townsend's pre-trial examination under oath contained "lies and misrepresentations." Doc. #44 at 5–6. Olugu also argues that

9

National Security had the same information at the close of discovery as it did before adding her as a defendant and that "there was never an issue concerning whether … Olugu held a colorable mortgagee's interest" in the Property. *Id*. at 6. Finally, Olugu contends that the Fifth Circuit's decision in *Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988), provides authority for her claim that she is entitled to attorney's fees. *Id*.

In reply, National Security argues that *Coghlan* is inapposite because there, the Fifth Circuit imposed sanctions sua sponte under Federal Rule of Appellate Procedure 38, a rule which is of no import here. Additionally, National Security argues that assuming Olugu's vague claim is construed as a claim for abuse of process, malicious prosecution, or sanctions under Federal Rule of Civil Procedure 11, such claim must fail.

Olugu's reliance on *Coghlan* for the proposition that she is entitled to attorney's fees for National Security's alleged failure to adequately investigate whether she should have been added as a defendant is misplaced. In *Coghlan*, the Fifth Circuit, pursuant to Federal Rule of Appellate Procedure 38,[9] imposed sanctions sua sponte for the filing of a frivolous appeal. 852 F.2d at 807–08. Appellate Rule 38 has no bearing on district court proceedings. Moreover, Olugu has not provided any authority in which a district court, using Appellate Rule 38, awarded attorney's fees for failing to inadequately investigate a claim before filing suit. Accordingly, *Coghlan* does not support Olugu's claim for attorney's fees.

The nearest analog to Appellate Rule 38 in the Federal Rules of Civil Procedure is Rule 11. "Rule 11(b) generally requires a pleading to have a nonfrivolous basis in law and fact and a valid litigation purpose …." *Stevens v. Sembcorp Utils. Pte Ltd.*, No. 10 Civ. 4481, 2011 WL

---

[9] Federal Rule of Appellate Procedure 38 provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

3296063, at *4 (S.D.N.Y. Aug. 1, 2011); *see* Fed. R. Civ. P. 11(b). Rule 11(c) provides sanctions for parties that violate Rule 11(b). Among other things, Rule 11(c) requires that a motion for sanctions specifically allege the sanctionable conduct, be made separately from other motions, and comply with Rule 11's "safe harbor" provision by serving the motion for sanctions on the opposing party at least twenty-one days before its filing. *See* Fed. R. Civ. P. 11(c); 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1337 (3d ed. 2018). The Fifth Circuit has held that the procedure set by Rule 11 is mandatory. *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008) (failure to comply with procedures of Rule 11 is plain error); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11."). Olugu never filed a motion for sanctions pursuant to Rule 11. Accordingly, even if the Court did construe her counterclaim as a motion for sanctions, it must fail.

Regarding abuse of process, the Mississippi Supreme Court has instructed that there are "three elements of abuse of process …: (1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So.2d 300, 303 (Miss. 2005). In response to the motion for summary judgment, Olugu does not provide any summary judgment evidence to dispute National Security's evidence that there was a purported mortgage contract between her and Townsend for the Property, or to challenge Townsend's statement under oath that she might have a mortgagee interest in the Property. All Olugu offers is her unsubstantiated arguments that the mortgage contract was "of no value, a falsity, [and] a misrepresentation" and that Townsend's statement was a "lie[] and

11

misrepresentation[]." Doc. #44 at 5, 6. "It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991). "Although a party's briefs should point the court to competent summary judgment evidence-such as affidavits, depositions or interrogatory responses …-in order to support the factual assertions contained in the party's briefs and pleadings, the briefs themselves … are not evidence." *Tucker v. SAS Institute, Inc.*, 462 F.Supp.2d 715, 723 (N.D. Tex. 2006). Olugu's unsupported arguments do not suffice to controvert National Security's evidence that it had a reasonable basis for adding her as a defendant, let alone establish that National Security added her illegally or with an ulterior motive. Accordingly, to the extent her counterclaim is construed as a claim for abuse of process, it is without merit.

Finally, to establish the tort of malicious prosecution under Mississippi law,

> a plaintiff must show (1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) the plaintiff's suffering of injury or damage as a result of the prosecution.

*Strong v. Nicholson*, 580 So.2d 1288, 1293 (Miss. 1991). Olugu has not alleged nor submitted evidence that National Security instituted any criminal proceedings against her. Accordingly, even if the Court construed her counterclaim as one alleging malicious prosecution, it too must fail.

### III
### Conclusion

For the reasons above, National Security's motion [35] for summary judgment is **GRANTED**. Because Townsend made material misrepresentations in obtaining the Policy, the Policy is void as of its date of issuance and, having returned the premiums paid by Townsend, National Security owes no further duty to Townsend or Olugu under the Policy. Olugu's counterclaim for declaratory relief is **DISMISSED as moot** and her counterclaim for attorney's

12

fees is **DISMISSED**.  Townsend's motion to continue [54] is **DENIED as moot**.  A separate judgment will be entered consistent with this opinion.

      **SO ORDERED**, this 17th day of September, 2018.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
