IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NATIONAL SECURITY FIRE &**                                          **PLAINTIFF**
**CASUALTY INSURANCE COMPANY**

**V.**                                                                                   **NO. 4:17-CV-64-DMB-JMV**

**JEFFERY TOWNSEND, DEMETRIUS**
**NELLUM, and NINA OLUGU**                                     **DEFENDANTS**

## OPINION AND ORDER

This declaratory judgment action is before the Court on National Security Fire & Casualty Insurance Company's motion for default judgment against Demetrius Nellum. Doc. #37.

### I
### Relevant Background

On May 11, 2017, National Security Fire & Casualty Insurance Company filed a complaint for declaratory judgment against Jeffery Townsend, praying for a judgment declaring a homeowner's insurance policy it issued on property in Greenwood, Mississippi, "void *ab initio*" due to material misrepresentations in the application for insurance.[1] Doc. #1. On September 21, 2017, with leave of the Court, National Security filed an amended complaint adding as defendants Demetrius Nellum and Nina Olugu. Doc. #18. Nellum was personally served on September 25, 2017. Doc. #22.

On December 20, 2017, the Clerk of the Court issued a notice that Nellum's answer was past due. Doc. #32. The next day, National Security filed a motion for entry of default against Nellum. Doc. #33. On December 26, 2017, the Clerk entered default against Nellum. Doc. #34.

---

[1] The Court detailed the relevant factual background of this case in its September 17, 2018, order granting National Security's motion for summary judgment. *See* Doc. #57 at 2–5. Those facts are incorporated here and need not be repeated.

National Security then moved for a default judgment against Nellum on February 21, 2018. Doc. #37. Nellum never responded to the motion.

## II
## Analysis

"Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 813 (N.D. Tex. 2015); *see* Fed. R. Civ. P. 55(a). Fifth Circuit law provides "three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). Here, the first and second steps have been satisfied. Thus, the only issue left to consider is whether default judgment should be entered.[2] In making this determination, courts conduct a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F.Supp.3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default

---

[2] "Because default judgments are seen as drastic remedies, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Freilich v. Green Energy Res. Inc.*, 297 F.R.D. 277, 280 (W.D. Tex. 2014) (quotation marks omitted).

judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where as here, a party fails to respond to or answer the complaint, there are no material facts at issue. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact ….").

Second, a failure to respond causes substantial prejudice because "failure to respond … threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011).

Third, as mentioned above, the grounds for default—actual default and entry of default—have been clearly established here. *See* Doc. #32; Doc. #34.

Fourth, there is no evidence before the Court that the default was caused by a good faith mistake or excusable neglect.

Fifth, Nellum has had more than seven months to attempt to set aside the default. And, "while default judgment is a harsh remedy, any harshness is mitigated where, as here, the defendant has had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, to the extent Nellum may later seek to challenge the default, the Court is aware of no facts that would make it obligated to set aside the default. Thus, all factors weigh in favor of a default judgment being procedurally warranted in this case.

### B. Declaratory Relief

"Having established that the procedural requirements for default judgment have been

satisfied, the Court must also evaluate whether declaratory relief is appropriate in this case." *RSDC Holdings, LLC v. Steinberg*, No. 16-9381, 2017 WL 117314, at *2 (E.D. La. Jan. 12, 2017).

> When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable. … Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.

*Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citations omitted).

For an action to be justiciable, there must be an "actual controversy" between the parties. *Id.*; *see* 28 U.S.C. § 2201. "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix Credit All., Inc.*, 212 F.3d at 896 (quotation marks and alterations omitted).

In its amended complaint, National Security alleges that the property covered by its insurance policy was rendered a total loss by fire on January 29, 2017; that "Nellum not defendant Townsend held legal title to the subject property;" and that Nellum is a putative mortgagee who had an interest in the subject property when Townsend executed the insurance application. Doc. #18 at 4. Although the amended complaint alleges that Nellum held legal title to the property and is a putative mortgagee, it does not allege that he is a party to the policy. Nor does the amended complaint allege that Nellum has sought to file a claim under the policy or to assert any other interest regarding the property.

"Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Orix Credit All., Inc.*, 212 F.3d at 896. "In evaluating the justiciability of a declaratory judgment suit, courts must require a definite and concrete dispute, remembering the prohibition against an opinion advising what the law would be upon a hypothetical set of facts." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748–49 (5th

4

Cir. 2009) (quotation marks omitted). Accordingly, the focus is on "whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993).

Here, National Security fails to present a "definite and concrete dispute" between it and Nellum. First, there is no allegation that Nellum is a party to the policy. "Generally, a non-party to an insurance contract cannot directly sue the insurance company to establish liability because no actual controversy exists between the non-party and the insurance company." *Baser v. State Farm Mut. Auto. Ins. Co.*, No. 12-cv-315, 2013 WL 12069019, at *2 (N.D. Okla. Mar. 7, 2013), *aff'd*, 560 F. App'x 802 (10th Cir. 2014). Second, although National Security alleges that Townsend has threatened litigation regarding the policy, it has not alleged the same of Nellum. *See Cummings v. State Farm Mut. Auto. Ins. Co.*, 323 F. App'x 847, 847–48 (11th Cir. 2009) (no justiciable controversy because amended complaint did not allege threat to file claim or denial of claim). Finally, National Security's position regarding the policy and Townsend does not create a controversy between National Security and Nellum. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 415 (11th Cir. 1995) ("Regardless of how well-founded [plaintiff's] concerns about its insurers may have been, speculation based on the [defendant's] dealings with other insureds does not present a concrete case or controversy.").

For these reasons, the Court finds there is no actual controversy between National Security and Nellum and thus lacks jurisdiction over this declaratory action against Nellum. Accordingly, National Security's declaratory action against Nellum will be dismissed without prejudice.

### III
### Conclusion

National Security's declaratory action against Nellum is **DISMISSED without prejudice**

for lack of jurisdiction.[3]

**SO ORDERED**, this 17th day of September, 2018.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because National Security's claim against Nellum is dismissed for lack of jurisdiction, the Clerk of the Court is directed to terminate National Security's motion for default judgment, Doc. #37.